# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| FEACHA SESSIONS, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:04-634-MBS-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| THE UNIVERSITY OF SOUTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This action was filed by the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq., alleging employment discrimination. The Defendant filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on September 30, 2005. After receiving an extension of time to respond, Plaintiff filed a memorandum in opposition to the Defendant's motion on October 25, 2005, following which Defendant filed a reply memorandum on November 4, 2005. Defendant's motion is now before the Court for disposition.[1]

## Background and Evidence[2]

Plaintiff is an African-American who began working for the Defendant in 1977 as

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]The facts and evidence are considered and discussed hereinabove in the light most favorable to the Plaintiff, the party opposing summary judgment. Pittman v. Nelms, 87 F.3d 116, 118 (4th Cir. 1996).



1

a temporary employee in the cabinet shop. Plaintiff left the Defendant's employ in the mid 1980s but was rehired by the Defendant in 1987. Plaintiff's Deposition, pp. 7-8, 11, 13-14; Defendant's Exhibit 7. Plaintiff claims that he applied for, but did not receive, promotion to a carpenter's position in February 1998,[3] and again in September 2002,[4] both of which were awarded to white employees. Plaintiff's Deposition, pp. 17-19; Defendant's Exhibit 10. Plaintiff also alleges that in 2002 a white employee, Skip Long, was hired into Plaintiff's department at a higher position than was held by the Plaintiff, but that Plaintiff was not given an opportunity to apply for that job. Plaintiff's Deposition, pp. 17-20.[5] Finally, Plaintiff alleges that he does not earn as much money as a similarly situated white employee, Wendell Frick, and that Frick has received raises more frequently than he has. Plaintiff's Deposition, pp. 23-25; see also Plaintiff's Supplemental Answers to Defendant's Interrogatories.

On or about October 5, 1999, Plaintiff as well as some other maintenance employees of the Defendant filed a joint administrative charge of discrimination with the Equal Employment Opportunity Commission (EEOC). See Plaintiff's Deposition, pp. 9-10; Defendant's Exhibit 2. The EEOC reviewed these complaints, which alleged discrimination between August 19, 1997 and October 1, 1999, for each individual listed on the administrative charge. Id. After

---

[3]In his answers to Defendant's Supplemental Interrogatories, Plaintiff identifies this promotion decision as having been in 1999. However, Plaintiff's deposition and Defendant's Exhibit 10 confirm that it was in February 1998.

[4]In his answers to Defendant's interrogatories, Plaintiff identifies this position as having been awarded in 2003. However, in his deposition he confirmed that this occurred in 2002. Plaintiff's Deposition, p. 19.

[5]In his answers to Defendant's Supplemental Interrogatories, Plaintiff identifies this position as having been awarded in 2003. However, Plaintiff's deposition testimony reflects that it was actually 2002. Plaintiff's Deposition, pp. 17-20.



Plaintiff's receipt of a right to sue letter on May 21, 2001; see Plaintiff's Deposition, p. 10; Defendant's Exhibit 3; this action was filed in the United States District Court asserting claims for disparate treatment race discrimination.[6]

**Discussion**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

**I.**

**(Time Barred Claims)**

Defendant first argues that Plaintiff's promotion claim from February 1998 should be dismissed because this claim is time barred. After careful consideration of the arguments and exhibits presented, the undersigned is constrained to agree. Title VII requires that a claimant file a charge of discrimination with the EEOC within one hundred and eighty (180) days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state", within three hundred (300) days from the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty (30) days of the state

---

[6]Plaintiff initially filed a joint lawsuit together with the other maintenance employees. That initial action was subsequently withdrawn so that each Plaintiff could separately pursue their own individual claims in this Court.



agency's termination of its proceedings, whichever is earlier.  See 42 U.S.C. § 2000e-5(e).

Here, it is undisputed that South Carolina is a deferral state, and that the South Carolina Human Affairs Commission (SCHAC) is the appropriate state agency for purposes of initiating state proceedings. The record reflects that Plaintiff's administrative charge was forwarded to SCHAC by the EEOC on or about October 16, 1999, although it was investigated by the EEOC pursuant to a "work sharing agreement." Plaintiff's Deposition, Defendant's Exhibit 2.  Therefore, Plaintiff had three hundred (300) days to file his administrative charge following a discriminatory act, and a failure by the Plaintiff to do so bars him from pursuing a Title VII lawsuit in this Court with respect to any alleged discriminatory act which falls outside of this three hundred (300) day period.  United Black Firefighters of Norfolk v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979); Mickel v. South Carolina State Employment Serv., 377 F.2d 239, 242 (4th Cir. 1967); see National RR Passenger Corp. v. Morgan, 536 U.S. 101, 110 (2002).[7]

Based on Plaintiff's administrative charge filing date of October 5, 1999, any failure

---

[7]A claimant may in some circumstances include claims beyond this three hundred (300) day period where the Defendant's conduct is deemed to be a "continuing violation."  However, under the applicable caselaw, promotions are separate and distinct acts for purposes of a Title VII claim, and timely promotion claims may not therefore be considered as part of a "continuing violation" together with any prior (and untimely) allegedly discriminatory promotion decisions which involved the same claimant. See Morgan, 536 U.S. at 117 [finding that "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify.  Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'," and prior discrete discriminatory acts which are not filed within the 300 day time limit "are untimely filed and no longer actionable."]; Williams v. Giant Food, Inc., 370 F.3d 423, 429 (4th Cir. 2004) [continuing violation doctrine does not apply to a failure to promote claim, as a promotion decision is a discreet act of discrimination]; cf. Huckabay v. Moore, 142 F.3d 233, 239 (5th Cir. 1998) [distinguishing applicability of the continuing violation theory to hostile work environment claims, for which it may be used, from other types of claims, such as failure to promote].

4



to promote discrimination claims occurring prior to December 9, 1998 would not be actionable. Williams, 370 F.3d at 429; Morgan, 536 U.S. at 114.  Here, Plaintiff testified that he applied for, but was denied, promotion to a carpenter's position in February 1998, which position was awarded to white employee Chuck Forbare. Plaintiff's Deposition, p. 17; Defendant's Exhibit 10.  This is, of course, a separate and distinct act for purposes of a Title VII claim under Morgan and Williams. Therefore, since this claim falls outside of the applicable three hundred (300) day claim period, it may not ordinarily be considered by this Court.  While Plaintiff advances two arguments as to why this claim should be considered notwithstanding the three hundred (300) day time bar; hostile work environment and equitable estoppel; for the reasons set forth hereinbelow, the undersigned does not find that either of these arguments has any merit.[8]

First, Plaintiff has not set forth a claim of hostile work environment in this case. Plaintiff did testify at his deposition that individuals at work, including supervisors, used the "n-word" and told "n-jokes", and that this type of conduct went on "all the time." Plaintiff's Deposition, p. 27.  In his response to Defendant's Supplemental Interrogatories, Plaintiff states that Goings had done this "for many years" and continues to make frequent uses of racial epithets. See Plaintiff's Responses to Defendant's Supplemental Interrogatories, Answer 14.  However, while this is certainly evidence that can be used to establish a discriminatory animus on the part

---

[8]Plaintiff also refers in his memorandum to the claims of other individuals who worked for the Defendant.  However, the previous multi-Plaintiff case was dismissed specifically so that each Plaintiff could pursue their own, *individual*, claim against this Defendant.  Neither this action, or even the prior multi-Plaintiff action, is or ever was a class action. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 190 (4th Cir. 2004) ["[A]n individual plaintiff in a private, non-class action alleging employment discrimination is not litigating common questions of fact, but the discrete question of whether the employer discriminated against the plaintiff in a specific instance."], (quoting Lowery v. Circuit City Stores, Inc., 158 F.3d 742, 761 (4th Cir. 1998)).



of Goings, it is not sufficient in and of itself to establish that Plaintiff asserted a hostile work environment claim in this case, or that the Defendant was on notice of any such claim. See Schramm v. Slater, 105 Fed.Appx. 34, 40 (6th Cir. 2004) [Noting that while disparate treatment and hostile work environment claims both allege violation of Title VII rights, they are analytically distinct, and that an assertion by a plaintiff of one claim is not sufficient to preserve the other]; Patterson v. Apple Computer, Inc., No. 04-405, 2005 WL 2277005, *12 (N.D.Cal. Sept. 19, 2005) ["Harassment is distinct from discrimination"]. Plaintiff's general and conclusory Complaint does not assert a hostile work environment claim, nor is there any indication that a hostile work environment claim was presented as part of Plaintiff's administrative charge, or that any such claim has been properly exhausted. See Defendant's Exhibit 2; see also Smith v. Consumer Credit Counseling Services of Central New York, No. 03-1033, 2005 WL 1842859, *5 (N.D.N.Y. Aug. 1, 2005) [EEOC complaint that does not assert hostile work environment claim, as distinct from a disparate treatment claim, is not sufficient to allow pursuit of hostile work environment claim in federal court]; Ghose v. Century 21, Inc., 108 F.Supp.2d 373, 376 (S.D.N.Y. 2000) [hostile work environment claim is not reasonably related to claim of race discrimination]; Ige v. Command Sec.Corp., No. 99-6916, 2002 WL 720944, *6 (S.D.N.Y. 2002); Findlay v. Reynolds Metals Co., Inc., 82 F.Supp.2d 27, 34 (N.D.N.Y. 2004). Further, pursuant to this Court's order of February 15, 2005, Plaintiff was required to specifically identify the claim or claims he was asserting in this lawsuit. In his responses to Defendant's Supplemental Interrogatories, Plaintiff sets forth his promotion and pay claims, but does not assert a hostile work environment claim. Plaintiff cannot now change his theory of recovery, nor is the Defendant required to defend a claim which essentially becomes a "moving target" depending on the facts and arguments



presented.

In any event, even if Plaintiff had asserted a hostile work environment claim in this case, and such claim was otherwise properly exhausted and before this Court, "[i]ncidents outside of the statutory window are [nevertheless] time-barred unless they can be related to a timely incident as a 'series of separate but related acts' amounting to a continuing violation". Beall v. Abbott Laboratories, 130 F.3d 614, 620 (4th Cir. 1997), citing Jenkins v. Home Ins. Co., 635 F.2d 310, 312 (4th Cir. 1980); Morgan, 536 U.S. at 105 ["[C]onsideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as any act contributing to that hostile work environment takes place within the statutory time period."]; Huckabay, 142 F.3d at 239. Other than making the general and conclusory statement that the conduct complained of happens "all the time", Plaintiff has identified no specific act contributing to any hostile work environment that took place within the statutory time period. Sparks v. Alrod Enterprises, Inc., No. 00-2110, 2003 WL 21246141 at *5 (N.D. Tex. Apr. 28, 2003); Wixson v. Dowagiac Nursing Home, 87 F.3d 164, 171 (6th Cir. 1996) [holding affidavits containing "numerous charges of disparate treatment and hostile work environment that are made in general, conclusory terms, but [in which] names, times and occasions are missing" did not create issue of fact as to pretext].

Nor has Plaintiff provided any evidence to show that the comments and conduct cited meet the standard for constituting a hostile work environment, that Plaintiff ever reported any such conduct to higher authorities,[9] or what action (if any) was taken in response to these

---

[9]The only evidence regarding complaints that has been provided to the Court reflects that
(continued...)

7



complaints. See generally, Ocheltree v. Scolon Productions, Inc., 308 F.3d 351, 356 (4th Cir. 2002) [in order to establish a hostile work environment, plaintiff must present evidence to prove that he was subjected to unwelcome conduct in a work related setting, that the conduct complained of was based on his race, that the conduct was sufficiently severe or pervasive to alter plaintiff's condition of employment and to create an abusive work environment, and that the conduct is imputable on some factual basis to his employer]; Spicer v. Commonwealth of Virginia Dep't of Corrections, 66 F.3d 705, 710 (4th Cir. 1995) [same]; Brown v. Perry, 184 F.3d 388, 393 (4th Cir. 1999) [same]; see also Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998) [requirement that conduct be sufficiently severe or pervasive in order to be actionable is designed to filter out complaints attacking "the ordinary tribulations of the workplace, such as sporadic use of abusive language, gender related jokes and occasional teasing"]; Hartsell v. Duplex Product's, Inc., 123 F.2d 766, 772 (4th Cir. 1997) ["Title VII is not federal guarantee of refinement and sophistication in the workplace - in this context, it prohibits only harassing behavior that is so severe or pervasive as to render the workplace objectively hostile or abusive"]; see also Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 765 ( 1998) [noting defenses available to employers charged with hostile work environment, including that the Plaintiff employee originally failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise]. Plaintiff's general and conclusory testimony at his deposition is not sufficient to show he meets the applicable standards for proceeding with a hostile work environment claim in this case.

---

[9](...continued)
Plaintiff complained about promotions and/or raises. Plaintiff's Deposition, p. 25.



As for equitable estoppel, Plaintiff's entire argument with respect to this theory is set forth in his brief as follows:

> Filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling.

Plaintiff's Brief, pp. 6-7.

While setting forth this standard, however, Plaintiff has offered no evidence whatsoever to show why he is entitled to equitable estoppel in this case. Plaintiff's counsel does further state in his brief that the Defendant "let…Plaintiff and others similarly situated go through a seemingly endless labyrinth of complaints with no meaningful response", which Plaintiff argues entitles him to equitable relief. See Plaintiff's Brief, at p. 8.  However, Plaintiff has pointed to no exhibits or evidence to support this general and conclusory statement, and the Court cannot allow Plaintiff's Title VII claim to proceed based on such an unsubstantiated argument. See Estrella v. Bryant, 682 F.2d 814, 819 (9th Cir. 1982) [legal memoranda are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment]; Gans v. Gray, 612 F.Supp. 608, 619 (E.D.Pa. 1985) [mere statements made in counsel's briefs are not evidence for the purpose of supporting or opposing a motion for summary judgment]; cf Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1358 (4th Cir. 1995) [counsel's statements are not evidence].

"Equitable relief is reserved for only the most deserving complainants," usually where there exists affirmative misconduct. Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993)

> Federal courts have typically extended equitable relief only sparingly.  We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or

9



> where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Polsby, 970 F.2d at 1363 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Here, as noted, Plaintiff has presented no evidence to show that he is entitled to equitable estoppel in this case. Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ["The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case."]; see also Madison v. St. Joseph Hospital, 949 F.Supp. 953, 960 (D.N.H. 1996).

In reaching the conclusion set forth herein, the undersigned is not signaling a lack of concern over Plaintiff's claim. However, the Fourth Circuit has strictly construed the statutory filing requirements for Title VII cases, holding that "[p]rocedural requirements...for gaining access to the...courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Polsby, 970 F.2d at 1364, vacated on other grounds, 113 S.Ct. 1940 (1993) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984)); see Poteat v. Mack Trucks Inc., No. 96-1437 1997 WL 33117, **4 (4th Cir. January 28, 1997); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1303 (5th Cir. 1979). Therefore, since Plaintiff failed to file his administrative charge within three hundred (300) days of the promotion decision at issue, and in light of the applicable caselaw and statutory requirements, the undersigned has no choice but to find that the promotion decision at issue is time barred, and is therefore subject to dismissal.

## II.

### (Claims that have not been Exhausted)

With respect to Plaintiff's claims that he was improperly denied a promotion in

10



September 2002 and was not afforded an opportunity to apply for a higher position, also in 2002, that was given to a white employee, Defendant argues that these claims are subject to dismissal for failure of the Plaintiff to exhaust his administrative remedies with respect to these claims.  The undersigned agrees. Title VII requires, as a prerequisite to suit, that a plaintiff first exhaust his administrative remedies by filing a charge of discrimination covering the alleged unlawful employment practice.  42 U.S.C. § 2000e-5(e)(1). Under the applicable caselaw, each of these claims is a separate, distinct claim requiring exhaustion of administrative remedies.  Morgan, 536 U.S. at 110; see Romero-Ostolaza v. Ridge, 370 F.Supp.2d 139, 149 (D.D.C. 2005) ["Morgan, on the whole, has been understood to also bar discrete acts occurring after the time period, after the filing of an administrative complaint, when a plaintiff does not file a new complaint or amend the old complaint but instead presents these acts for the first time in federal court"]; Martinez v. Potter, 347 F.3d 1208, 1210-1211 (10th Cir. 2003) ["[T]he [Morgan] rule is equally applicable…to discrete claims based on incidents occurring *after* the filing of [an] EEO complaint."] (emphasis in original). Failure to comply with this requirement bars a plaintiff from pursuing a lawsuit under this statute with respect to any such unexhausted claim.  United Black Fire Fighters of Norfolk, 604 F.2d at 847.

These two claims both occurred well after the administrative charge was filed in this case, and also well after Plaintiff received his right to sue letter and filed his original lawsuit. Further, Plaintiff's current Complaint, which was filed in March 2004, makes no reference whatsoever to either of these two claims.  The fact that Plaintiff had previously filed an administrative charge asserting that he had been denied promotions does not mean that he can automatically litigate a promotion claim(s) occurring subsequent to the filing of that administrative



charge, particularly when the investigation and disposition of that administrative charge had been conducted and the right to sue letter issued well before this subsequently occurring event. Romero-Ostolaza, 370 F.Supp.2d at 149; Martinez, 347 F.3d at 1210-1211. Plaintiff is also not entitled to any equitable relief with respect to these claims. See Section I, supra.

The burden of proving satisfaction of administrative requirements falls on the Plaintiff. Williams v. Enterprise Leasing Co. of Norfolk/Richmond, 911 F.Supp. 988, 993 (E.D.Va. 1995). Since exhaustion of administrative remedies is a prerequisite for filing suit under Title VII, and Plaintiff failed to exhaust his administrative remedies with respect to these 2002 claims, his claims relating to these events must be dismissed.

### III.

### (Pay Disparity Claim)

With respect to Plaintiff's claim regarding the alleged pay disparity between his pay and the pay received by white employee Wendell Frick, this claim as stated could fall within the time period encompassed by Plaintiff's administrative charge. Although this particular claim is not mentioned in the administrative charge or in the general and conclusory allegations of Plaintiff's Complaint, it was referenced by Plaintiff in his deposition, as well as in his supplemental answers to the Defendant's interrogatories. Plaintiff has failed, however, to set forth sufficient facts to survive summary judgment on this claim.

Since Plaintiff has no direct evidence of discrimination, he must proceed under the structured procedures set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see



also Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981).[10] The United States Supreme Court articulated a three-part analysis for reviewing discrimination cases in McDonnell Douglas. First, Plaintiff must establish a prima facie case of discrimination. Once a prima facie case has been established, a rebuttable presumption is created that the employer unlawfully discriminated against the Plaintiff. Second, once this presumption has been established, the burden of production shifts to the employer to show a legitimate, non-discriminatory reason for its actions. Third, if the employer shows a legitimate, non-discriminatory reason for its actions, the burden is then on the Plaintiff to come forward with evidence that the employer's asserted reasons for its actions are a mere pretext for its true discriminatory motives, and that the actions of the employer were really based on Plaintiff's race. McDonnell Douglas Corp., 411 U.S. at 802-805; Texas Dep't of Community Affairs, 450 U.S. at 252-256; Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-235 (4th Cir. 1991). Despite these shifting burdens of production, however, Plaintiff retains the ultimate burden of persuasion on the issue of discrimination throughout. Texas Dep't of Community Affairs, 450 U.S. at 252-253; see also St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993).

In order to establish a prima facie case for race discrimination in compensation under Title VII, Plaintiff must show that (1) he is a member of a protected class; (2) he was paid

---

[10]Pursuant to recent court rulings, consideration of Plaintiff's claim under the so-called "mixed-motive" analysis is also now allowed, even though Plaintiff has presented only circumstantial, or in-direct, evidence of discrimination. Previously, consideration of a claim under the mixed-motive analysis was only proper in direct evidence cases. See Hill v. Lockheed Martin, 354 F.3d 277, 284-285 (4th Cir. 2004); Mereish v. Walker, 359 F.3d 330, 339-340 (4th Cir. 2004); cf. Taylor v. Virginia Union Univ., 193 F.3d 219, 232 (4th Cir. 1999) [en banc], cert. denied, 528 U.S. 1189 (2000). However, since the Defendant only discusses Plaintiff's claim under the traditional McDonnell Douglas proof scheme, and Plaintiff does not discuss this issue at all, the undersigned has only evaluated Plaintiff's claim using a McDonnell Douglas analysis. Cf. Kess v. Municipal Employees Credit Union of Baltimore, Inc., 319 F.Supp.2d 637, 643 & n. 11 (D.Md. 2004).



less than an employee outside the class; and (3) the higher paid employee was performing a substantially similar job.  Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 343 (4th Cir. 1994); Kess, 319 F.Supp.2d at 644; Gbenoba v. Montgomery County Dep't of Health & Human Servs., 209 F.Supp.2d 572, 579 (D.Md. 2002). It is undisputed that Plaintiff is a member of a protected class, and the Defendant does not dispute for purposes of summary judgment that he was paid less than some employees outside of his protected class.  With respect to the third prong of Plaintiff's prima facie case, however, Defendant argues that the higher paid employee (Frick) is not similarly situated to the Plaintiff, and that any pay disparity between Frick and the Plaintiff cannot therefore be the basis of a Title VII compensation claim.  Brinkley-Obu, 36 F.3d at 343 [to establish a prima facie case of race discrimination in compensation under Title VII, a plaintiff must prove that the higher paid employee was preforming a substantially similar job].  The undersigned agrees.

    Defendant points out that Plaintiff himself concedes in his deposition that Frick is a lead carpenter, while Plaintiff is only an assistant.  Plaintiff's Deposition, p. 24.  See also Newton Affidavit.  Frick is also a Trades Specialist IV, while Plaintiff is only a Trade Specialist III, and Plaintiff further conceded that Frick has been a master craftsman for fifteen (15) years.  Id. The Defendant has also submitted evidence to show that Frick's position entails substantially more responsibilities and decision making than does the Plaintiff's.  Newton Affidavit.

    Plaintiff has not submitted any evidence to dispute Defendant's exhibit or to bolster his deposition testimony. Indeed, Plaintiff's entire argument with respect to this claim consists of one sentence in his brief: "Moreover, the plaintiff contends that he did not earn as much money as a similarly situated white employee, Wendell Frick." Plaintiff's Memorandum, p. 7.  This statement



is not enough to avid summary judgment, nor is Plaintiff's conclusory deposition testimony that he is being discriminated against in terms of pay when compared with Frick, without any evidentiary support, sufficient to survive summary judgment on this claim.  See Contemporary Mission v. United States Postal Serv., 648 F.2d 97, 107, n.14 (2d Cir. 1981) [An "opposing party's facts must be material and of a substantial nature, not fanciful,...conjectural, speculative, nor merely suspicions"] (internal citations and quotation marks omitted); Kulak v. City of New York, 88 F.3d 63, 71 (2nd Cir. 1996) ["conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment"]; Nicolo v. Philip Morris, Inc., 201 F.3d 29, 33 (1st Cir. 2000) [Conjectural allegations and conclusory assertions do not suffice to establish a genuine issue of fact].  In order to survive summary judgment on this claim, Plaintiff needs to show that he received less pay than similarly situated employees outside of his protected class. Brinkley-Obu, 36 F.3d at 343 [to establish a prima facie case of race discrimination in compensation under Title VII, a plaintiff must prove that the higher paid employee was preforming a substantially similar job]; Gustin v. West Virginia University, 63 Fed.Appx. 695, 698-699 (4th Cir. May 16, 2003) [salary differential justified where position and duties were in fact superior to the Plaintiff's]; Houck v. Virginia Polytechnic Institute and State University, 10 F.3d 204, 206 (4th Cir. 1993) [Plaintiff must show he receives less pay than a co-employee, outside of his protected class, performing work substantially equal in skill, effort, and responsibility under similar working conditions.]; Ogden v. Keystone Residence, 226 F.Supp.2d 588, 602 (M.D.Pa. 2002); Bryant v. Bell Atlantic Maryland, Inc., 288 F.3d 124, 134 (4th Cir. 2002). He has failed to do so. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985) [A party opposing summary judgment "cannot create a general issue of fact through mere speculation or by the building of one inference upon another."].



The evidence presented to this Court does not show that Plaintiff and Frick held or performed similar jobs with the Defendant.   Therefore, Defendant is entitled to summary judgment on Plaintiff's pay disparity claim.

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted**, and that this case be **dismissed**.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 10, 2006

